Filed 9/4/14  Pladott v. Blankstein CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| ALEX PLADOTT, an individual, | B250097 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC070878) |
| v. | |
| JOSEF BLANKSTEIN, an individual et al., | |
| Defendants and Respondents. | |

APPEAL from postjudgment orders of the Superior Court of the County of Los Angeles, Huey P. Cotton, Judge.  Affirmed.

Alex Pladott, in pro. per., for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

## INTRODUCTION

Plaintiff and appellant Alex Pladott (Pladott) appeals from the trial court's postjudgment orders denying his motion to tax costs (costs motion) and granting the motion for an award of attorney fees (fees motion) filed by defendants and respondents Josef and Carmella Blankstein (defendants). Pladott contends that the trial court lacked the authority to award fees and costs because the judgment in favor of defendants was not final. He further contends that the cost memorandum, including the cost item for attorney fees, was untimely. And, Pladott argues that the trial court abused its discretion when it determined the reasonableness of the fees and costs claimed by defendants.

We hold that Pladott's claim that the case was not final, as well as his claim that the cost memorandum was untimely, are without merit. As for Pladott's contention that the trial court abused its discretion in determining the reasonableness of the fees and costs, Pladott has failed to provide an adequate record on appeal by omitting from the record the reporter's transcript for the hearing on the costs motion and the fees motion. We therefore presume that the trial court's determination of the reasonableness of the fees and costs was correct and affirm the challenged orders.

## PROCEDURAL BACKGROUND

On October 6, 2011, the trial court entered a judgment in favor of defendants and against Pladott based on the court's prior order granting defendants' motion for summary judgment. On December 29, 2011, defendants filed a memorandum of costs. On January 17, 2012, Pladott filed the costs motion. On February 3, 2012, defendants filed the fees motion. Defendants opposed the costs motion, and Pladott opposed fees motion. After various continuances of the hearings on the respective motions of the parties, the trial court held a hearing on them in May 2013. The transcript of that hearing, however, was not included in the record on appeal. Following the hearing, the trial court entered a

minute order adopting its written tentative rulings, which denied the costs motion and granted the fees motion. Pladott filed an appeal from those postjudgment orders.

On December 13, 2013, this court issued an order directing the parties to address in their briefs the issue of whether Pladott's failure to provide the reporter's transcript for the hearing on the parties' respective motions, or a suitable substitute, warranted affirmance based on the inadequacy of the record. In Pladott's opening brief,[1] he addressed the issue, arguing that because he provided copies of (i) the trial court's tentative rulings on the costs motion and the fees motion, (ii) the trial court's order denying the costs motion and granting the fees motion, and (iii) defendants' notice of the trial court's rulings on the motions, he provided an adequate record.

## DISCUSSION

### A. Finality of Judgment in Favor of Defendants

Pladott contends that, notwithstanding the judgment entered in favor of defendants, the trial court lacked the authority to award fees and costs because defendants' cross-complaint against Pladott was still pending and therefore the judgment in their favor was not "final." There are several problems with this contention.

The clerk's transcript does not contain a copy of defendants' cross-complaint against Pladott. Moreover, although Pladott attached to his opening brief a copy of what purports to be defendants' cross-complaint, he did not request that we take judicial notice of it, much less satisfy the requirements of Evidence Code sections 450, 451, 452, and 459. Thus, defendants' cross-complaint—upon which his contention concerning the finality of the judgment is based—is not properly in the record before us, a deficiency that prevents us from determining the issue on appeal. Also, in the minute order granting defendants' summary judgment motion, the trial court said that "[t]he case is dismissed

---

[1] Defendants did not file a respondent's brief or any response to our order directing the parties to address the adequacy of the record.

with prejudice." Presumably, this included defendants' cross-complaint, but without a complete record, we cannot determine otherwise.

Second, Pladott did not raise the finality issue in his papers in the trial court and, because he did not provide the reporter's transcript for the hearing on the costs motion and the fees motion, we cannot determine whether he raised the issue at that hearing. He has therefore forfeited the issue on appeal. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264-265.) Moreover, if, as argued by Pladott, fees and costs were not awardable because the judgment in favor of defendants was not final, then the appeal would have to be dismissed.

### B. Timeliness of Cost Memorandum

Pladott next contends that defendants' cost memorandum, which included attorney fees incurred as an item of costs, was untimely because it was filed more than 15 days after defendants were served with a notice of entry of judgment in favor of a codefendant. (Cal. Rules of Court, rule 3.1700(a)(1).) According to Pladott, the 15-day time limit began to run when codefendant Laura Garbell served notice of entry of the separate judgment entered in her favor.

Pladott's timeliness contention lacks merit. The judgment in favor of defendants was not entered until October 6, 2011, and notice of entry of that judgment was not served by mail until January 5, 2012, thereby extending the 15-day time period specified in California Rules of Court, rule 3.1700(a)(1) by five days pursuant to Code of Civil Procedure section 1013, subdivision (a). Thus, defendants had through and including January 25, 2012, within which to file the cost memorandum. Because they filed their costs memorandum on December 29, 2011, it was timely.[2]

---

[2] We made a substantially similar holding in *Pladott v. Garbell*, case number B247876.

## C.    Determination of Reasonable Fees and Costs

Pladott contends that the trial court abused its discretion when making its determinations that the costs and fees claimed by defendants were reasonable.  He makes this contention despite having failed to provide a reporter's transcript of the hearing at which the trial court made the challenged reasonableness determinations, arguing that he provided a suitable substitute for the reporter's transcript.

Pladott's contention that he provided a suitable substitute for the reporter's transcript of the hearing on the costs motion and the fees motion is unpersuasive because there is no way to determine whether the documents upon which he relies as a substitute comprise a complete and accurate record of what transpired at the hearing on the parties' respective motions.  Therefore, for the reasons discussed below, we affirm the reasonableness determinations made in the orders from which Pladott appeals.

In *Maria P. v. Riles* (1987) 43 Cal.3d 1281, the defendants appealed, inter alia, from the trial court's determination of the reasonable amount of attorney fees to award, arguing that the trial court abused its discretion in making that determination.  Because the defendants had failed to provide the reporter's transcript for the hearing on the attorney fees motion or a settled statement of what transpired at that hearing, however, the Supreme Court held that they had failed to provide an adequate record of the attorney fees proceeding.  "Because [the defendants] failed to furnish an adequate record of the attorney fee proceedings, the defendants' claim must be resolved against them." (*Id.* at pp. 1295-1296.)

Similarly, in *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, the defendant appealed from the trial court's order awarding attorney fees, arguing that the trial court abused its discretion by failing to make certain reductions to the lodestar amount of attorney fees sought. (*Id.* at p. 447.)  The Court of Appeal concluded that the defendant had not provided an adequate record to assess the abuse of discretion claim, reasoning as follows:  "The judgment must be affirmed because the record provided by [the] defendant is inadequate to conclude the trial court abused its discretion in determining the fee was reasonable.  As the party challenging a fee award, [the]

defendant has an affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion. [Citations] We cannot presume the trial court has erred. The Court of Appeal has held: "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . ." [Citation.]' [Citations.] In this case, the trial court clearly stated its determination as to the amount of the fees awarded was based on the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself, which consisted of three weeks of testimony and other evidence. Implicit in this determination is that the trial judge considered the pleadings, theories of recovery under the complaint, and evidence as presented by counsel to the jury. The record on appeal does not contain a copy of the pleadings, nor does it contain a trial transcript. The experienced and highly regarded judge who presided over this case was the best judge of what occurred in his courtroom. The California Supreme Court has set forth the well-established rule as follows: 'The "experienced trial judge is the best judge of the value of services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' [Citations.] The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion. It is not possible to judicially and appropriately determine from the inadequate record provided by [the] defendant that the trial court abused its discretion in its conclusion that $470,000 was a reasonable award in comparison to the scope of the litigation as a whole. [Citations.]" (*Ibid.*)

Here, the trial court in its tentative rulings on the costs motion and the fees motion concluded that the memorandum of costs and the fees motion were timely filed and expressly found that "[t]he fees were necessary and reasonable. [Defendant's c]ounsel represents 1660 hours were spent litigating the action, and charged $175/hour. Given the bitterly contested litigation of the instant action, the number of hours and fee charged is supported." Implicit in the trial court's determination is that the trial court, in determining that the costs and fees claimed were reasonable, considered the pleadings,

the theories of recovery, and the evidence presented in connection with defendants' motion for summary judgment.  Therefore, absent a transcript of the proceeding demonstrating that the trial court failed to consider those matters in making its determination that the fees and costs claimed were reasonable and appropriate, we must presume that its reasonableness determinations were correct.  (See *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [if an appellant asserts an error on only a partial record, and the missing part of the record could provide grounds for affirming the judgment, the appellate court will affirm the judgment]; and *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion"].)

## DISPOSITION

The orders denying the costs motion and granting the fees motion are affirmed. Because defendants did not file a respondent's brief or otherwise make an appearance on appeal, no costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

7